IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN EMMINGHAM,                                               CV. 08-6329-HU

        Plaintiff,                                        ORDER

  v.

MICHAEL SELTZER, et al.,

        Defendants.

HUBEL, Magistrate Judge

    Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. On August 18, 2009, the Honorable Michael W. Mosman issued an order dismissing plaintiff's amended complaint in part. Currently before the court is defendant Seltzer's motion to dismiss and plaintiff's motions to strike and for extension of time.

## DISCUSSION

    Because defendant Seltzer supports his motion to dismiss with matters outside of the pleadings, this court construes the motion as one for summary judgment. Fed. R. Civ. P. 12(d). In light of defendant Seltzer's *pro se* status, it is appropriate to advise defendant Seltzer of the federal summary judgment standards and

1 - ORDER

permit him to refile his motion, after an appropriate time for discovery, with those standards in mind.

Federal Rule of Civil Procedure 56, and this court's Local Rule 56,[1] govern the entry of summary judgment in federal court. In general terms, this court's inquiry on summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Pursuant to Local Rule 56.1(a), a motion for summary judgment must be accompanied by a Memorandum in Support and a Concise Statement of Material Facts.

If the moving party meets its initial burden of demonstrating the absence of a genuine issue of fact, and that he or she is entitled to judgment as a matter of law, the burden shifts to the

---

[1] A link to the Court's Local Rules and the Federal Rules of Civil Procedure are available on this court's internet website.

2 - ORDER

non-moving party to demonstrate specific facts showing that there is a genuine issue for trial.[2]

## CONCLUSION

Based on the foregoing, defendant Seltzer's motion to dismiss (#17), is construed as a motion for summary judgment, and is denied with leave to renew in compliance with Fed. R. Civ. P. 56 and Local Rule 56.

IT IS FURTHER ORDERED that plaintiff's motions to strike (#22) and for extension of time (#23) are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 23rd day of November, 2009.

/s/ Dennis J. Hubel
Dennis J. Hubel
United States Magistrate Judge

---

[2] In separate orders issued this date, the court sets forth the steps necessary for plaintiff to oppose summary judgment, and a schedule governing the timing of discovery and the filing of summary judgment motions.