1

2

3

4

5                                          FILED'10 JUN 14 15:09USDC-ORP

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10                FOR THE DISTRICT OF OREGON

11                   PORTLAND DIVISION

12   JOHN EMMINGHAM,                )
                                    )
13                  Plaintiff,      )
                                    )   No.  CV-08-6329-HU
14        v.                        )
                                    )
15   PER MICHAEL SELTZER, et al.,   )   ORDER
                                    )
16                  Defendants.     )
     ───────────────────────────────)
17

18   MOSMAN, District Judge:

19        Plaintiff John Emmingham brings this 42 U.S.C. § 1983 action

20   against several defendants, including Per Michael Seltzer.  While

21   naming  several  defendants  and  raising  several  claims,  the

22   allegations are generally based on Seltzer's having received mail

23   from plaintiff, then incarcerated, followed by Seltzer requesting

24   prison  employees  to  order  plaintiff  to  stop  sending  mail  to

25   Seltzer.

26        Seltzer, who is representing himself in this action, filed a

27   motion for summary judgment on January 28, 2010 (dkt #31).  In a

28   March 10, 2010 Minute Order established a briefing schedule and an

1 - ORDER

1   April 5, 2010 under advisement date.  Plaintiff never responded to
2   the motion.

3       Seltzer filed a motion, a memorandum in support, and a concise
4   statement of material fact.  But, he fails to offer any admissible
5   evidence in support of his factual assertions that he, as a private
6   citizen, cannot be sued under section 1983.  He submits no
7   affidavit or declaration that the Court can accept for the purposes
8   of adjudicating the motion.  Thus, while he may never have been
9   employed by a state prison, may be a private citizen, and his
10  actions may well be as represented in the concise statement, they
11  fail to establish an admissible factual record upon which this
12  Court can award summary judgment, even in the face of no opposition
13  from plaintiff.

14      Federal Rule of Civil Procedure 56 allows a defending party to
15  move for summary judgment, with or without supporting affidavits.
16  Fed. R. Civ. P. 56(b).  The moving party bears the initial
17  responsibility of informing the court of the basis of its motion,
18  and identifying those portions of "'pleadings, depositions, answers
19  to interrogatories, and admissions on file, together with the
20  affidavits, if any,' which it believes demonstrate the absence of
21  a genuine issue of material fact."  Celotex Corp. v. Catrett, 477
22  U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)); see also Fed.
23  R. Civ. P. 56(c)(2) ("judgment sought should be rendered if the
24  pleadings, the discovery and disclosure materials on file, and any
25  affidavits show that there is no genuine issue as to any material
26  fact and that the movant is entitled to judgment as a matter of
27  law").

28      As this Court's Local Rules of Civil Procedure make clear,

2 - ORDER

1  "[a] party must cite to a particular affidavit, deposition, or
2  other document (indicating both page and line number references
3  where appropriate) supporting the party's statement, acceptance, or
4  denial of the material fact."   L.R. 56(c)(1).   Without such
5  supporting, admissible evidence, the facts asserted by Seltzer do
6  not warrant the entry of judgment in his favor.

7                          CONCLUSION
8       Defendant Seltzer's motion for summary judgment (#31) is
9  denied, but Seltzer is given leave to refile his motion with the
10 required documentation in support of his factual assertions.  Any
11 such motion is due no later than July 2, 2010.

12      IT IS SO ORDERED.
13           Dated this ___14___ day of _____, 2010.

14
15
16                    _____
17                    Michael W. Mosman
                       United States District Judge
18
19
20
21
22
23
24
25
26
27
28

3 - ORDER